IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


STEVEN COLLINS,
       Petitioner,

vs.                                   Case No.: 5:05cv221/MCR/EMT

JACK SAPP,
       Respondent.
_____/

## REPORT AND RECOMMENDATION

       This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (Doc. 1). Respondent filed an answer and relevant portions of the state court record (Docs. 16, 17). Petitioner was given an opportunity to file a reply, but he declined to do so (*see* Doc. 20).

       The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N. D. Fla. Loc. R. 72.2(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.       BACKGROUND AND PROCEDURAL HISTORY

       The procedural background of this case is undisputed by the parties and established by the state court record. Following a jury trial in the Circuit Court for Bay County, Florida, on August 6, 1999, Petitioner was convicted of attempted second degree murder of a law enforcement officer and grand theft (Doc. 17, Ex. A at 180, Ex. D). He was sentenced on August 27, 1999, to a term of 176.6 months (almost 15 years) of imprisonment, with credit for 69 days of pre-sentence jail time,

on the attempted second degree murder count and a consecutive term of four years of probation on the grand theft count (*id.*, Exs. D, E, M).[1]  Petitioner appealed his conviction and sentence to the Florida First District Court of Appeal (First DCA) (*id.*, Ex. F).  The appellate court affirmed the convictions and sentences per curiam without opinion on June 2, 2002 (*id.*, Ex. H).  <u>Collins v. State</u>, 767 So. 2d 1204 (Fla. 1st DCA June 2, 2000) (Table).

On June 14, 2000, Petitioner filed a Motion to Correct Scrivener's Error to Clarify Jailtime Credit and Sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure (Doc. 17, Ex. L).  The trial court granted the motion to the extent that Petitioner requested that the written judgment of conviction and sentence conform to the oral pronouncement of the sentencing court with regard to the amount of jail credit granted by the court and the length of Petitioner's sentence on the attempted murder count (*id.*, Ex. M).

On February 6, 2001, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure, raising two grounds of ineffective assistance of trial counsel (Doc. 17, Ex. N).  The trial court held an evidentiary hearing at which Petitioner was represented by counsel (id., Ex. O).  The trial court denied the motion in a written opinion rendered on February 18, 2002 (*id.*, Ex. P).  Petitioner appealed the decision to the First DCA, and the appellate court affirmed the decision per curiam without written opinion on December 16, 2004, with the mandate issuing January 4, 2005 (*id.*, Ex. T).  <u>Collins v. State</u>, 889 So. 2d 74 (Fla. 1st DCA Dec. 16, 2004) (Table).

On June 19, 2002, while his Rule 3.850 motion was pending, Petitioner filed a petition for writ of habeas corpus with the First DCA alleging ineffective assistance of appellate counsel (Doc. 17, Ex. U).  The First DCA denied the petition per curiam without written opinion on July 25, 2002 (*id.*, Ex. V).  <u>Collins v. State</u>, 825 So. 2d 371 (Fla. 1st DCA July 25, 2002) (Table).

On October 6, 2004, Petitioner filed a second Rule 3.800(a) motion (Doc. 17, Ex. W at 3–13).  The trial court denied the motion in a written opinion rendered on December 29, 2004 (*id.* at 2).  Petitioner appealed the decision to the First DCA, and the appellate court affirmed the

---

[1]The original judgment of conviction and sentence reflected a sentence of 177.6 months of incarceration, with credit for 47 days of pre-sentence jail time, on the attempted murder charge (*see* Doc. 17, Ex. D), but the judgment was subsequently amended to conform to the sentence orally pronounced by the sentencing court, which was 176.6 months of incarceration, with credit for 69 days of pre-sentence jail time (*id.*, Ex. M).

decision per curiam without written opinion on April 11, 2005 (*id.*, Ex. Y).  Collins v. State, 906 So. 2d 1062 (Fla. 1st DCA Apr. 11, 2005) (Table).  Petitioner sought review of the appellate court's decision by filing a Notice to Invoke Discretionary Jurisdiction with the Florida Supreme Court, and the supreme court dismissed the petition for lack of jurisdiction on July 14, 2005 (Doc. 17, Ex. Z). Collins v. State, 909 So. 2d 861 (Fla. July 14, 2005) (Table).

Petitioner filed the instant habeas action on October 25, 2005 (Doc. 1 at 6).  Respondent concedes that the petition is timely (Doc. 16 at 8).

II.      STANDARD OF REVIEW

Section 2254(a) of Title 28 provides, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws of the United States."  As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for federal habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Pub. L. 104-132, § 104, 110 Stat. 1214, 1218–19.

Section 2254 now provides:

(d)      An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
   (1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
   (2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (West Supp. 2001).

The United States Supreme Court explained the framework of review under § 2254(d)(1) in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[2]  The appropriate test in habeas cases was described by Justice O'Connor as follows:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court.  Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied—the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id., 529 U.S. at 412–13; Ramdass v. Angelone, 530 U.S. 156, 120 S. Ct. 2113, 2119–20, 147 L. Ed. 2d 125 (2000).

The Eleventh Circuit has developed a three-step process for applying the Williams test to any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal state court proceeding.  See Wellington v. Moore, 314 F.3d 1256, 1260–61 (11th Cir. 2002); Robinson v. Moore, 300 F.3d 1320, 1343–45 (11th Cir. 2002).  First, the court must ascertain the controlling legal principles that are clearly established by the Supreme Court at the time of the state court adjudication.  Wellington, 314 F.3d at 1260; Robinson, 300 F.3d at 1343.  Second, the court must determine whether the state court adjudication was contrary to the clearly established Supreme Court law.  Wellington, 314 F.3d at 1260, Robinson, 300 F.3d at 1344.  "The 'contrary to' clause in § 2254(d)(1) 'suggests that the state court's decision must be substantially different' from the relevant Supreme Court precedent."  Wellington, 314 F.3d at 1260 (quoting Fugate v. Head, 261

---

[2]Unless otherwise noted, references to Williams are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367–75, 390–99, 120 S. Ct. at 1499–1503, 1511–16); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and—except as to the footnote—Scalia) in part II (529 U.S. at 403–13, 120 S. Ct. at 1518–23).  The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

F.3d 1206, 1216 (11th Cir. 2001), *cert. denied*, 535 U.S. 1104, 122 S. Ct. 2310, 152 L. Ed. 2d 1065 (2002) (quoting Williams, 529 U.S. at 405)).  "Although a state court's decision that 'applies a rule that contradicts' the governing Supreme Court law is 'contrary,' a state court decision that applies 'the correct legal rule' based on Supreme Court law to the facts of the petitioner's case would not fit within the 'contrary to' clause even if the federal court might have reached a different result relying on the same law."  Wellington, 314 F.3d at 1260 (citing and quoting Williams, 529 U.S. at 404–06).  If the state court applied the correct Supreme Court precedent, and the United States Supreme Court, faced with materially indistinguishable facts, has not reached a decision different from the decision reached by the state court in the petitioner's case, the case does not fit within the "contrary to" clause, and the federal habeas court must proceed to the third step and determine whether the state court "unreasonably applied the relevant Supreme Court authority."  Fugate, 261 F.3d at 1216.  Likewise, if the facts of the Supreme Court cases and the petitioner's case are not substantially similar, "a state court decision that applies 'the correct legal rule' based on Supreme Court law to the facts of the petitioner's case would not fit within the 'contrary to' clause even if the federal court might have reached a different result relying on the same law."  *Id.* (citing and quoting Williams, 529 U.S. at 406).  A state court is not required to cite Supreme Court cases or even be aware of the cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them."  Early v. Packer, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002).

The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable."  Williams, 529 U.S. at 410.  The Supreme Court has explained that "a federal habeas court may not issue a writ under the unreasonable application clause 'simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'"  Bell v. Cone, 535 U.S. 685, 122 S. Ct. 1843, 1850, 152 L. Ed. 2d 914 (2002) (quoting Williams, 529 U.S. at 411).  Indeed, "[t]he gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."  Lockyer v. Andrade, 538 U.S. 63, 123 S. Ct. 1166, 1175, 155 L. Ed. 2d 144 (2003).  A state court's incorrect application of clearly established law will be held to be reasonable and not warrant a writ unless "thorough analysis by a federal court produces a firm conviction that [the state court] judgment is infected by constitutional

error."  Williams, 529 U.S. at 389.  "[E]valuating whether a rule application was unreasonable requires considering the rule's specificity.  The more general the rule, the more leeway courts have in reaching outcomes in case by case determinations."  Yarborough v. Alvarado, 541 U.S. 652, 124 S. Ct. 2140, 2149, 158 L. Ed. 2d 938 (2004) (citation omitted).  Although § 2254(d)(1) is concerned only with federal law as clearly established by the Supreme Court, this court may look to circuit precedent to demonstrate reasonable applications of Supreme Court precedent.  Van Poyck v. Fla. Dep't of Corrections, 290 F.3d 1318, 1322 n.4 (11th Cir. 2002).

In deciding whether a state court decision involved "an unreasonable determination of the facts in light of the evidence presented in the state court proceeding" under § 2254(d)(2), determinations of fact are "presumed to be correct," unless the presumption is rebutted by Petitioner "by clear and convincing evidence." § 2254(e)(1); see Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 1041, 154 L. Ed. 2d 931 (2003) ("Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2).") (dictum); Fugate, 261 F.3d at 1215 (quoting 28 U.S.C. § 2254(e)(1)); Parker v. Head, 244 F.3d 831, 835–36 (11th Cir. 2001) (citing § 2254(d)(2) and (e)(1)); see also Crawford v. Head, 311 F.3d 1288 (11th Cir. 2002) (explaining that the new statute provides a "highly deferential standard of review" of the state court's factual determinations).  Thus, not only must the state court's factual determination have been unreasonable, but the court's factual findings must be shown unreasonable by clear and convincing evidence.  See Callahan v. Campbell, 427 F.3d 897, 926 (11th Cir. 2005) (citing § 2254(e)(1); Rutherford v. Crosby, 385 F.3d 1300, 1308 (11th Cir. 2004) ("[Petitioner] has not shown by clear and convincing evidence that the Florida Supreme Court's factual finding . . . [wa]s unreasonable in light of the evidence in the state court record.")).

III.    EXHAUSTION AND DEFAULT

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[3] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)).  To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. Duncan, 513 U.S. at 365–66; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); Picard, 404 U.S. at 277–78.

The Supreme Court has offered the following guidance for determining whether a habeas petitioner has met the "fair presentation" requirement.  In Picard v. Connor, the Court held that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.  404 U.S. at 277.  In announcing that "the substance of a federal habeas corpus claim must first be presented to the state courts," id. at 278, the Court rejected the contention that the petitioner satisfied the exhaustion requirement by presenting the state courts only with the facts necessary to state a claim for relief.

Additionally, the Court has indicated that it is insufficient to make a general appeal to a constitutional guarantee as broad as due process to present the "substance" of such a claim to a state court.  In Anderson v. Harless, 459 U.S. 4, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982), the habeas petitioner was granted relief on the ground that a jury instruction violated due process because it

---

[3]Section 2254 provides, in pertinent part:

(b)(1)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
      (A)  the applicant has exhausted the remedies available in the courts of the State; or
      (B) (i)  there is an absence of available State corrective process; or
         (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

obviated the requirement that the prosecutor prove all the elements of the crime beyond a reasonable doubt. *Id.* at 7 (citing <u>Sandstrom v. Montana</u>, 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979)). The only manner in which the habeas petitioner cited federal authority was by referring to a state court decision in which "the defendant . . . asserted a broad federal due process right to jury instructions that properly explain state law." *Id.* (internal quotation marks omitted).  The Court expressed doubt that a defendant's citation to a state-court decision predicated solely on state law was sufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the <u>cited</u> case advanced a federal claim.  *Id.* at 7 & n.3.  Furthermore, the Court clarified that such a citation was obviously insufficient when the record satisfied the federal habeas court that the federal claim asserted in the cited case was not the same as the federal claim on which federal habeas relief was sought.  *Id.*

Years later, the Supreme Court readdressed the "fair presentation" requirement in <u>Duncan v. Henry</u>, 513 U.S. 364 (1995).  The <u>Duncan</u> Court strictly construed the exhaustion requirement so as to mandate that, if state and federal constitutional law overlap in their applicability to a petitioner's claim, the petitioner must raise his issue in terms of the applicable federal right in state court in order to obtain federal review of the issue.[4]  The Supreme Court explained, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal, but in state court." *Id.* at 365–66.  Recently, the Supreme Court again focused upon the requirement of "fair presentation," holding that  "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."  <u>Baldwin v. Reese</u>, 541 U.S. 27, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004). The <u>Baldwin</u> Court commented that "a litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a

---

[4]The petitioner in <u>Duncan</u> raised a federal due process claim in his habeas petition, but had raised only a state constitutional claim in his state appeal.  Presented with a state constitutional claim, the state court applied state law in resolving the appeal.

claim on federal grounds, or by simply labeling the claim 'federal.'"  *Id.*  With regard to this statement, the Eleventh Circuit stated in <u>McNair v. Campbell</u>, 416 F.3d 1291 (11th Cir. 2005):

> If read in a vacuum, this dicta might be thought to create a low floor indeed for petitioners seeking to establish exhaustion.  However, we agree with the district court that this language must be "applied with common sense and in light of the purpose underlying the exhaustion requirement[:] 'to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'"<u>McNair</u> [<u>v. Campbell</u>], 315 F. Supp. 2d at 1184 (quoting <u>Vasquez v. Hillery</u>, 474 U.S. 254, 257, 106 S. Ct. 617, 620, 88 L. Ed. 2d 598 (1986)).  This is consistent with settled law established by the Supreme Court. . . . We therefore hold that "'[t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'"

416 F.3d at 1302–03 (citations omitted).[5]

An issue that was not properly presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, i.e., procedurally barred from federal review.  <u>Bailey v. Nagle</u>, 172 F.3d 1299, 1302–03 (11th Cir. 1999).  This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default.  *See* <u>Coleman v. Thompson</u>, 501 U.S. 722, 734–35 & n.1, 111 S. Ct. 2546, 2555 & n.1, 115 L. Ed. 2d 640 (1991); <u>Caniff v. Moore</u>, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); <u>Chambers v. Thompson</u>, 150 F.3d 1324, 1326–27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord* <u>Tower v. Phillips</u>, 7 F.3d 206, 210 (11th Cir. 1993); <u>Parker v. Dugger</u>, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L. Ed. 2d 812 (1991).  In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine.  <u>Bailey</u>, 172 F.3d at 1303.  In the second instance, a federal court must

---

[5]In his initial brief before the Court of Criminal Appeals, the petitioner cited one federal case in a string citation containing other state cases, and in a closing paragraph in his argument that extraneous materials were considered by the jury during deliberations, stated that there was a violation of his rights "protected by the Fifth, Sixth, Eighth[,] and Fourteenth Amendments to the United States Constitution, the Alabama Constitution[,] and Alabama law."  <u>McNair v. Campbell</u>, 416 F.3d 1291, 1303 (11th Cir. 2005).  The court found that these references to federal law were not sufficient to meet the fair presentment requirement and noted that it was important that the petitioner had never mentioned the federal standards regarding extraneous materials in his brief, but relied on state law for his arguments.  *Id.*

determine whether the last state court rendering judgment clearly and expressly stated its judgment rested on a procedural bar.  *Id.*  A federal court is not required to honor a state's procedural default ruling unless that ruling rests on adequate state grounds independent of the federal question.  *See* Harris v. Reed, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989).  The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question.  Lee v. Kemna, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002).  The Eleventh Circuit has set forth a three-part test to determine whether a state court's procedural ruling constitutes an independent and adequate state rule of decision.  Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001).  First, the last state court rendering judgment must clearly and expressly state it is relying on state procedural rules to resolve the federal claim.[6]  *Id.*  Second, the state court's decision on the procedural issue must rest entirely on state law grounds and not be intertwined with an interpretation of federal law.  Third, the state procedural rule must be adequate.  *Id.*  The adequacy requirement has been interpreted to mean the rule must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion.  *Id.*

A petitioner can overcome a procedural default in two narrow circumstances.  The petitioner must either show cause and prejudice or a fundamental miscarriage of justice in order for the federal habeas court to reach the merits of a claim.  Henderson v. Haley, 353 F.3d 880, 892 (11th Cir. 2003); Tower, 7 F.3d at 210; Parker, 876 F.2d 1470.  "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim."  McCleskey v. Zant, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986)).  Lack of counsel or ignorance of available procedures is not enough to establish cause.  Tower, 7 F.3d at 210.  Furthermore, the Eleventh Circuit has held that because there is no constitutional right to an attorney in state post-conviction proceedings, any ineffectiveness of post-conviction counsel cannot be "considered cause for the purposes of excusing . . . procedural default that occur[s] . . . at the state collateral post-conviction level."  Henderson, 353

---

[6]The federal court should honor the procedural bar even if the state court alternatively reviewed the claim on the merits.  Marek v. Singletary, 62 F.3d 1295, 1301–02 (11th Cir. 1995); Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994).

F.3d 892 (citing 28. U.S.C. § 2254(i); <u>Coleman v. Thompson</u>, 501 U.S. 722, 752 (1991); <u>In re</u> <u>Magwood</u>, 113 F.3d 1544, 1551 (11th Cir. 1997); <u>Johnson v. Singletary</u>, 938 F.2d 1166, 1174–75 (11th Cir. 1991)).  To establish prejudice, a petitioner must show that there is "at least a reasonable probability that the result of the proceeding would have been different."  *Id.*

Alternatively, to satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." <u>Schlup v. Delo</u>, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995).  "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him."  <u>Schlup</u>, 513 U.S. at 327.  Further,

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.  To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.

*Id.*

Within this framework, the court will review Petitioner's claims.

IV.     PETITIONER'S CLAIMS

A.     <u>Ground One:  The Petitioner claims that his sentence is in violation of the Petitioner's 6th U.S. Constitutional due process rights.</u>

B.     <u>Ground Two:  The Petitioner claims that the State's failure to list § 775.0823 in charging information renders enhancement invalid.</u>

(Doc. 1 at 4).  Petitioner asserts that in the charging document he was charged with attempted murder of a law enforcement officer in violation of Florida Statutes sections 784.04(2) and 777.04 (*id.*).  He claims that the trial court violated his due process rights by imposing an enhanced sentence under Florida Statutes section 775.0823, based upon the fact that the victim was a law enforcement officer, because the charging document did not cite section 775.0823, and the jury did not specifically find that the victim was a law enforcement officer (*id.* at Ground One, continuation pages, Ground Two).

Respondent contends that Petitioner raised this issue in his second Rule 3.800(a) motion, but the claim of sentencing error is not cognizable on federal habeas review because it presents only an issue of state law (*see* Doc. 16 at 10–12, 15).  Furthermore, Petitioner cannot convert this state law

claim into an issue of federal constitutional law merely by citing the Constitution (*id.*).  Moreover, Petitioner's claim is without merit because the charging document put Petitioner on notice that he was charged with attempt to murder a law enforcement officer, and the jury specifically found that the victim was a law enforcement officer (*id.* at 12–15).

To the extent Petitioner claims that the charging document and verdict form were insufficient under state law to support the sentence enhancement, his claims are not cognizable on federal habeas review.  It is well established that federal habeas relief is available to correct only constitutional injury.  28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67–68, 112 S. Ct. 475, 479–80, 116 L. Ed. 2d 385 (1991); Wainwright v. Goode, 464 U.S. 78, 83–84, 104 S. Ct. 378, 78 L. Ed. 2d 187 (1983).  Errors of state law which do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief.  *See* Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1992) ("A state's interpretation of its own laws or rules provides no basis for federal habeas relief, since no question of a constitutional nature is involved.") (quoting Carrizales v. Wainwright, 699 F.2d 1053 (11th Cir. 1983)).  "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process."  Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (citation omitted).  Therefore, to the extent Petitioner claims that the trial court failed to comply with state law in imposing the law enforcement multiplier under the state sentencing scheme, his claim is not cognizable in federal habeas.

To the extent Petitioner claims that imposition of the sentence enhancement constituted constitutional error under Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), his claim is without merit.  Initially, a review of the state court record shows that Petitioner did not fairly present the federal nature of his claim to the state courts.  In his second Rule 3.800(a) motion, Petitioner claimed that the trial court erred by enhancing his sentence based upon the fact that the victim of the attempted murder was a law enforcement officer, but he did not cite in conjunction with the claim the federal source of law on which he relied or a case deciding such a claim on federal grounds, nor did he label the claim "federal" (*see* Doc. 17, Ex. W at 3–6). Respondent did not expressly waive the exhaustion requirement in its answer to the instant petition (*see* Doc. 16 at 10), but in light of the authority of this court to deny the claim on the merits,

notwithstanding Petitioner's failure to exhaust his state court remedies (*see* 28 U.S.C. §2254(b)(2)), and the fact that his claim is obviously without merit, disposing of the claim on the merits is appropriate.

Petitioner claims that his rights under the Sixth Amendment and the Due Process Clause were violated by the trial court's imposition of an enhanced sentence based upon a fact that was not charged in the information or determined by the jury beyond a reasonable doubt.  In Apprendi, the Supreme Court held, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490.

In the instant case, Petitioner challenges the sentence enhancement he received for the fact that the victim of the attempted second degree murder was a law enforcement officer.  Under Florida law, the crime of attempted second degree murder of a law enforcement officer is a second degree felony (*see* Doc. 17, Ex. D at 71).  At the time Petitioner committed this crime, the statutory maximum sentence for a second degree felony was fifteen (15) years.  *See* Fla. Stat. § 775.082(3)(c). Petitioner was sentenced to 176.6 months, or 14 years, 8 months, and 18 days.  Because Petitioner was sentenced to less than the statutory maximum, his sentence did not constitute constitutional error under Apprendi.  Furthermore, the charging document put him on notice that he was charged him with attempted second degree murder of a law enforcement officer, and the jury verdict shows that the jury specifically found as fact that the victim of the attempted murder was a law enforcement officer (*see* Doc. 1, Exs. B, C).  Therefore, to the extent Petitioner is making an Apprendi claim, the claim is without merit.

C.    Ground Three:  Fundamental error to instruct jury on the elements of attempt. (Doc. 1 at 5).  Petitioner claims that the trial court violated his due process rights by failing to instruct the jury as to the elements of attempt (*id.* at Ground Three, continuation pages).

Respondent contends that although Petitioner presented the issue of the trial court's failure to properly instruct the jury in the direct appeal of his conviction, he did not present it as a federal constitutional issue; accordingly, the state court did not review the merits of Petitioner's constitutional claim (*see* Doc. 16 at 16–18).  Furthermore, Petitioner cannot now file a second direct appeal to properly raise the federal issue in state court; therefore, the claim is procedurally barred

under state law and procedurally defaulted for purposes of federal habeas review (*id*. at 18–19). Moreover, Petitioner has not shown cause for his failure to fairly present his federal clam to the state courts; therefore, he is not entitled to federal review of his claim (*id*. at 19–20).

In his direct appeal, Petitioner claimed that the trial court committed fundamental error by failing to instruct the jury on the elements of attempt (Doc. 17, Ex. F at 11–13). However, Petitioner did not state a federal law basis for his claim in his state court brief. For example, he did not cite in conjunction with the claim a federal source of law or a case deciding such a claim on federal grounds; indeed he did not even label his claim "federal" (*id.*). Petitioner argued only that the trial court failed to instruct the jury on the essential elements of attempt, and this failure constituted fundamental error (*id.*). Petitioner cited only state cases in support of his claim, and those cases addressed only state law issues, including the standard for determining whether an error was fundamental (*id.*). If Petitioner wished to claim that the trial court's jury instructions denied him the due process of law guaranteed by the Fourteenth Amendment, he should have said so in his state court brief. Because Petitioner did not alert the state courts that his claim was federal in nature, the undersigned concludes that he did not satisfy the exhaustion requirement of section 2254. *See* Duncan, 513 U.S. at 365; Zeigler v. Crosby, 345 F.3d 1300, 1307 (11th Cir. 2003) (finding that the petitioner's federal habeas claims were not raised in the state court when the direct appeal made no reference to the federal constitutional issues raised in the federal habeas petition).

Petitioner would be precluded from now raising this claim in the state courts as the state procedural rules do not provide for a second direct appeal, and a second Rule 3.850 motion would be subject to dismissal as a successive motion, pursuant to Rule 3.850(f). Therefore, the claim is procedurally defaulted. Petitioner does not allege cause for his failure to present his federal claim in the state courts, or that he will suffer prejudice as a result of this court's failure to review the claim. Furthermore, he has failed to show that he is entitled to review under the "fundamental miscarriage of justice" exception to the procedural bar. Therefore, he is not entitled to federal review of his claim.

Despite Petitioner's failure to exhaust this issue, he is not entitled to relief on his claim. A jury instruction does not merit federal habeas relief simply because it violates state law; rather, the instruction must "so infect[] the entire trial that the resulting conviction violates due process." Cupp

v. Naughten, 414 U.S. 141, 147, 94 S. Ct. 396, 400, 38 L. Ed. 2d 368 (1973). Federal courts should inquire whether there was a "reasonable likelihood" that the jury applied the instruction in an unconstitutional manner. Estelle v. McGuire, 502 U.S. 62, 72, 112 S. Ct. 475, 482, 116 L. Ed. 2d 385 (1991). The challenged instruction should be reviewed in the context of the instructions as a whole. *Id.*. Other jury instructions and the trial process itself can serve to better explain to the jury its task such that the impact of the offending instruction is neutralized. *See* Francis v. Franklin, 471 U.S. 307, 315, 105 S. Ct. 1965, 1971, 85 L. Ed.2 d 344 (1985); Cupp, 414 U.S. at 146–47; Peek v. Kemp, 784 F.2d 1479, 1492 (11th Cir. 1986) (even in absence of instruction, jury could readily understand from penalty phase proceedings the function and purpose of mitigating evidence).

Where an instruction establishes the prosecution's burden of proof as something less than the "beyond a reasonable doubt" standard, such that the reviewing court can only speculate as to how a correctly informed jury would have decided the case, the jury's findings are considered constitutionally tainted without further analysis. Sullivan v. Louisiana, 508 U.S. 275, 113 S. Ct. 2078, 124 L. Ed. 2d 182 (1993). Normally, however, challenges to jury instructions, even those that are erroneous as to the elements of the crime, the burden of proof, and the presumption of innocence, must undergo harmless error analysis before habeas relief may be granted. *See* Neder v. United States, 527 U.S. 1, 2, 119 S. Ct. 1827, 1830, 144 L. Ed. 2d 35 (1999) (distinguishing Sullivan); Rose v. Clark, 478 U.S. 570, 579–80, 106 S. Ct. 3101, 3107, 92 L. Ed. 2d 460 (1986). Where a defendant received a full opportunity to put on evidence and make argument to support his claim of innocence, was tried by a fairly selected and impartial jury, was supervised by an impartial judge, and apart from the challenged instruction, the jury in his case was clearly instructed that it had to find him guilty beyond a reasonable doubt as to every element of the crime(s), he will not be entitled to habeas relief unless the erroneous instruction "had substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S. Ct. 1710, 1722, 123 L. Ed. 2d 353 (1993). Unless this court has "grave doubt" about whether the error was harmless, habeas relief should not be granted. O'Neal v. McAninch, 513 U.S. 432, 115 S. Ct. 992, 130 L. Ed. 2d 947 (1995).

In the instant case, Petitioner alleges the trial court fail to instruct the jury on attempt, which was an essential element of the crime with which he was charged.  The Florida standard jury instructions for attempted second degree murder are the following:

> To prove the crime of Attempted Second Degree Murder, the State must prove the following two elements beyond a reasonable doubt:
>
> 1. (Defendant) intentionally committed an act which would have resulted in the death of (victim) except that someone prevented (defendant) from killing (victim) or [he] [she] failed to do so.
>
> 2. The act was imminently dangerous to another and demonstrating a depraved mind without regard for human life.
>
> Definitions
> An "act" includes a series of related actions arising from and performed pursuant to a single design or purpose.
>
> An act is "imminently dangerous to another and demonstrating a depraved mind" if it is an act or series of acts that:
>
> 1. a person of ordinary judgment would know is reasonably certain to kill or do serious bodily injury to another, and
>
> 2. is done from ill will, hatred, spite, or an evil intent, and
>
> 3. is of such a nature that the act itself indicates an indifference to human life.
>
> In order to convict of Attempted Second Degree Murder, it is not necessary for the State to prove the defendant had an intent to cause death.
>
> It is not an attempt to commit second degree murder if the defendant abandoned the attempt to commit the offense or otherwise prevented its commission under circumstances indicating a complete and voluntary renunciation of [his] [her] criminal purpose.

The Florida Bar 1998 Florida Standard Jury Instructions in Criminal Cases, Fourth Edition Part Two:  Instructions on Crimes, Chp. 6 Attempted Homicide, para. 6.4 Attempted Second Degree Murder.  Where attempt is an element of another crime, the jury instructions provide that the following instruction should be used "when necessary to define 'attempt' . . .":

In order to prove that the defendant attempted to commit the crime of (crime charged), the State must prove the following beyond a reasonable doubt:

1. (Defendant) did some act toward committing the crime of (crime attempted) that went beyond just thinking or talking about it.

2. [He] [She] would have committed the crime except that [someone prevented [him] [her] from committing the crime of (crime charged).] [[he] [she] failed.]

It is not an attempt to commit (crime charged) if the defendant abandoned [his] [her] attempt to commit the offense or otherwise prevented its commission, under circumstances indicating a complete and voluntary renunciation of [his] [her] criminal purpose.

*Id.*, Chp. 5 Inchoate Crimes, para. 5.1 Attempt to Commit Crime.

The trial transcript shows that the trial court instructed the jury as follows regarding the essential elements of the crime of attempted second degree murder of a law enforcement officer:

In Count I the defendant has been accused of attempted second degree murder on a law enforcement officer.  Before you can find the defendant guilty of attempted second degree murder on a law enforcement officer the state must prove the following five elements beyond a reasonable doubt.  Number one, the defendant intentionally committed an act which would have resulted in the death of the victim except that someone prevented the defendant from killing the victim or he failed to do so.  Number two, the act was imminently dangerous to another and demonstrating a depraved mind without regard for human life.  Number three, the victim was at the time a law enforcement officer.  Number four, the defendant knew the victim was a law enforcement officer.  Number five, at the time of the attempted murder the victim was engaged in the lawful performance of his duties.
. . . .
An "act" includes a series of related actions arising from and performed pursuant to a single design or purpose.

An act is "imminently dangerous to another and demonstrating a depraved mind" if it is an act or series of acts that, number one, a person of ordinary judgment would know is reasonably certain to kill or do serious bodily injury to another; and two, is done from ill will, hatred, spite or an evil intent.  And three, is of such a nature that the act itself indicates an indifference to human life.

In order to convict of attempted second degree murder on a law enforcement officer it is not necessary for the state to prove that the defendant had an intent to cause death.

>           It is not an attempt to commit second degree murder of a law enforcement
> officer if the defendant abandoned the attempt to commit the offense or otherwise
> prevented its commission under circumstances indicating a complete and voluntary
> renunciation of his criminal purpose.

(Doc. 17, Ex. B at 147–51).  The trial court also instructed the jury on the presumption of innocence, that it was the State's burden to prove each element of each crime, and the reasonable doubt standard (*id*. at 161–64).

Upon review of the jury instructions, it is clear that the standard instruction on attempt was incorporated into the trial court's instruction for attempted second degree murder.  Although the instructions did not include language stating that Petitioner's actions must have gone beyond just thinking or talking about murdering the victim, the instructions clearly stated that the State was required to prove beyond a reasonable doubt that Petitioner did some act, defined as a series of related actions arising from and performed pursuant to a single design or purpose, toward committing the crime of second degree murder, and that he would have committed the murder except that someone prevented him from committing it or he failed to commit it.  Petitioner has failed to show that the jury instructions relieved the State of its burden to prove each element of attempted second degree murder beyond a reasonable doubt, or that there is a reasonable likelihood that the jury applied the attempted second degree murder instructions in an unconstitutional manner.  Therefore, Petitioner is not entitled to federal habeas relief on this claim.

Accordingly, it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus (Doc. 1) be **DENIED**.

At Pensacola, Florida, this 27th day of March 2007.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the**

**electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).